IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| JEEHOON PARK,<br><br>        Plaintiff,<br><br>    v.<br><br>SKIDMORE, OWINGS & MERRILL LLP, TISHMAN CONSTRUCTION CORP., TOWER 1 JOINT VENTURE LLC, WTC TOWER 1 LLC, and LEGENDS OWO, LLC,<br><br>        Defendants. | CIVIL ACTION FILE<br><br>NO. 1:17-cv-4473<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jeehoon Park ("Mr. Park") files this Complaint against Skidmore, Owings & Merrill LLP ("SOM"), Tishman Construction Corp. ("Tishman"), Tower 1 Joint Venture LLC ("T1JV"), WTC Tower 1 LLC ("WTC Tower 1"), and Legends OWO, LLC ("Legends") (collectively, "Defendants") and alleges as follows:

## I.  NATURE OF THE ACTION

1.     This is an action for copyright infringement and provision of false copyright management information, false advertising, and unfair competition arising under the statutes of the United States.  These claims arise out of Defendants' unauthorized copying, reproduction, and distribution of Mr. Park's copyrighted architectural work, and SOM's provision of false and misleading statements regarding its architectural services, as well as false copyright management information.

2.     In the late 1990s, Mr. Park was a graduate student in architectural school, where in 1999 he completed two years of work on his thesis for the design of a 122-story building,

titled "A Multi-Use High-Rise Concrete Building – Chicago's Cityfront Center" ("Cityfront '99"). *See* Exhibit 1, attached hereto. During that two-year period from 1997 to 1999, and thereafter through 2005, Defendant SOM had access to Mr. Park's Cityfront '99, including through one of Mr. Park's thesis advisors who was an Associate Partner with SOM, through SOM's head of structural engineering who met with Mr. Park and saw the design of Cityfront '99, and through the public display of Mr. Park's model for Cityfront '99 both outside the high-rise studio in the College of Architecture at the Illinois Institute of Technology ("CAIIT") and in the lobby of SOM's building.

3.    SOM later provided architectural services for One World Trade Center ("One WTC"), and takes credit for designing One WTC, despite its striking similarity to Cityfront '99.

4.    One WTC copies Cityfront '99, as evident in the side-by-side comparison below:

 

**Mr. Park's Cityfront '99**                **One World Trade Center**

 

**Mr. Park's Cityfront '99**                    **One World Trade Center**

5.     The substantial similarity of One WTC to Mr. Park's Cityfront '99 is also

reflected in the substantially similar exterior cross-sectional shapes of the two at comparable

floor levels, as illustrated in the following side-by-side comparisons of Cityfront '99 and images

from a leasing brochure for One WTC (available at

http://www.durst.org/uploads/properties/19/marketing_flyer/SmallSuitesOneWTC_010417_HR.

pdf).





Cityfront '99 Floors 44-52                One WTC Floor 49
Ex. 1, Park Thesis at 68.                 Leasing Brochure at 10





Cityfront '99 Floor 70                    One WTC Floor 76
Ex. 1, Park Thesis at 71.                 Leasing Brochure at 14

6.      The similarity between Mr. Park's Cityfront '99 and the later One WTC design

was noted in *High-Rise and Long-Span Research at Illinois Institute of Technology: The Legacy*

*of Myron Goldsmith and David C. Sharpe*, a book published by CAIIT in 2010:  "Jee-Hoon

Park's thesis explores the ostensibly simple geometry of a tower of square plan at the base and

4

an inscribed, rotated square at the top. . . .  This scheme prefigured the closely related SOM

design for One World Trade Center, under construction in New York in 2010" (p. 73).

## II.  THE PARTIES

      7.      Mr. Park is an architect who serves as the President of Qube Architecture, LLC,

which has a principal place of business at 4411 Suwanee Dam Road Suite 910, Suwanee,

Georgia 30024.

      8.      Defendant Skidmore, Owings & Merrill LLP is a New York limited liability

partnership.  On information and belief, SOM has a principal place of business at 14 Wall Street,

New York, New York 10005.

      9.      Defendant Tishman Construction Corp. is a Delaware corporation.  On

information and belief, Tishman has a principal place of business at 100 Park Avenue, New

York, New York 10017.

      10.      Defendant Tower 1 Joint Venture LLC is a Delaware corporation registered to do

business in New York.  On information and belief, T1JV has a principal place of business at 225

Park Avenue South, New York, New York 10003.

      11.      Defendant WTC Tower 1 LLC is a Delaware corporation registered to do

business in New York.  On information and belief, WTC Tower 1 has a principal place of

business at 1 World Trade Center, New York, New York 10007.

      12.      Defendant Legends OWO, LLC is a Delaware corporation registered to do

business in New York.  On information and belief, Legends has a principal place of business at 1

World Trade Center, New York, New York 10007.

### III. JURISDICTION AND VENUE

13.     This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. § 101

*et seq.*, the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, and the Lanham Act, 15

U.S.C. § 1051 *et seq.*

14.     This Court has subject-matter jurisdiction over the claims in this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the copyright, false advertising,

and unfair competition laws of the United States.

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§§ 1391(b), (c), and (d), and 1400(a).

16.     The Court has personal jurisdiction over defendants pursuant to Fed. R. Civ. P.

4(k)(1)(A) and NY C.P.L.R. § 302 because, on information and belief, Defendant SOM is

incorporated in New York and each of the defendants maintains a principal place of business in

New York.  The Court also has personal jurisdiction over defendants because, on information

and belief, each defendant has committed acts of copyright infringement within the State of New

York, thereby causing injury to Mr. Park within New York.  In particular, SOM, Tishman, and

T1JV participated in the design and/or construction of One WTC, which infringes Mr. Park's

Cityfront '99, in New York.  WTC Tower 1 has committed infringing acts by leasing office

space in the infringing One WTC in New York.  On information and belief, Legends has sold

infringing products in New York.  Furthermore, Defendant SOM has provided false copyright

management information in violation of the Digital Millennium Copyright Act and committed

acts of unfair competition under the Lanham Act within the state of New York, including, for

example, (1) by knowingly, and with the intent to induce, enable, facilitate or conceal

infringement, providing false information regarding the authorship of the design embodied in

One WTC in connection with its provision of photographs displaying One WTC; (2) by falsely

and misleadingly advertising its architectural services by claiming that it designed One WTC on its own, and (3) by passing off Mr. Park's design of Cityfront '99 as resulting from SOM's architectural services alone.

## IV. FACTS

### A. Jeehoon Park

17.     Mr. Park was born and raised in Korea, moving to the United States in 1996.  He became a naturalized U.S. citizen in 2014.  After graduating from Korea University in Seoul with a Bachelor of Engineering degree in 1995, Mr. Park enrolled in the graduate program of the College of Architecture at the Illinois Institute of Technology ("CAIIT"), one of the leading architecture schools in the nation, and obtained a Master of Architecture in 1999.

18.     After graduating from the CAIIT with his Master's degree in Architecture, Mr. Park worked as an architect with a number of firms in Chicago and metro Atlanta.  In 2014, Mr. Park formed Qube Architecture, LCC in Suwanee, Georgia, where he currently practices architecture.

19.     In fulfilling the requirements of the Master of Architecture program, Mr. Park submitted a thesis for Cityfront '99.  This thesis included detailed drawings (both exterior views and interior plans), as well as a three-dimensional model.  Mr. Park retained all rights, including copyright, in his design for Cityfront '99.

20.     One of Mr. Park's advisors for his thesis was Ahmad Abdelrazaq, an Associate Partner and Senior Project Structural Engineer with SOM.  Mr. Abdelrazaq provided advice regarding the structural suitability of Mr. Park's building shape, as well as other background structural information.

21.     The model of Mr. Park's Cityfront '99 was displayed in the lobby outside the library and high-rise studio of the Illinois Institute of Technology's architectural school for at

least approximately six years after Mr. Park completed the model in 1999.  On information and belief, SOM employees frequently visited the building and lobby in which Cityfront '99 was displayed to speak, teach, advise, and/or serve on boards, and therefore had access to Cityfront '99.  For example, Bill Baker, a Partner in SOM's Chicago office spoke at a symposium at the school in April 1999. Mr. Baker also met with Mr. Park and reviewed Cityfront '99 on at least one occasion.

22.     A photograph of Mr. Park's model of Cityfront '99 was also published in 2000 by CAIIT in a book titled "Studio Works 98-99."

23.     In addition, Mr. Park's model of Cityfront '99 appeared twice in a feature film entitled "The Lake House," starring Sandra Bullock and Keanu Reaves, which was released in 2006.  Upon information and belief, one of the scenes featuring Mr. Park's model of Cityfront '99 was filmed in or around 2004 or early 2005 in the main lobby of the building where SOM's Chicago office was located.

24.     Mr. Park's Cityfront '99 constitutes a copyrightable work.  Mr. Park owns this copyrighted work, and has registered it as an architectural work with the United States Copyright Office, which has assigned it Registration Number VA 2-045-167.  *See* Exhibit 2, Copyright Registration Certificate.

**B. SOM**

25.     SOM's website states that "Skidmore, Owings & Merrill LLP (SOM) is one of the largest and most influential architectural, interior design, engineering, and urban planning firms in the world," and it specifically highlights its experience in the design of "super-tall" buildings.

26.     In 2003, architect Daniel Libeskind won a competition for the design of the "Freedom Tower," the flagship building that was to be built at the site of the World Trade Center

towers destroyed on September 11, 2001.  Thereafter, SOM was asked to work with Mr. Libeskind on the design of the flagship skyscraper for the site.

27.     The resulting design was eventually withdrawn for safety and other concerns, but not before being the subject of a separate copyright-infringement suit by another architectural student whose design had reportedly been favorably reviewed by a SOM architect, David Childs.

28.     In June 2005, SOM unveiled a new design that shared little in common with Libeskind's original proposal.  Even this design, however, underwent significant revisions between 2005 and its completion in 2014.  Finally, however, the 104-story building opened for business on November 3, 2014.

29.     SOM has received a great deal of publicity for its work on One WTC.  For example, the Council on Tall Buildings and Urban Habitat awarded One WTC the "Best Tall Building award for the Americas category."

30.     Since the building's opening, SOM has heavily publicized its work on One WTC. In its publicity, SOM presents itself and SOM architect David Childs as the designer of One WTC in connection with photographs displaying One WTC (e.g., SOM website, available at http://www.som.com/news/the_status_of_the_world_trade_center_complex_15_years_later; http://www.som.com/news/skidmore_owings__merrills_one_world_trade_center_opens_today).

31.     Many media accounts have repeated SOM's claim to be the designer of One WTC, expanding the reach and harm of SOM's statements (e.g., Architectural Digest article, available at http://www.architecturaldigest.com/story/one-world-trade-center-figures-article).

32.     On information and belief, SOM has never credited Mr. Park as the author of the work that SOM copied in its design for One WTC.

33.     In asserting its own intellectual property rights in another case, SOM has previously stated that "false and misleading representations [regarding credit for designing buildings] are material in that past experience in design of tall buildings and major architectural projects is a key factor in attracting new such projects."

34.     On information and belief, SOM profited from its work in the design and construction of One WTC, which infringes Mr. Park's copyrighted Cityfront '99.

35.     On information and belief, SOM has also profited from the publicity and recognition it has received from the credit it has falsely claimed and received for the One WTC design, and continues to do so.  As SOM has previously acknowledged, the acclaim from past experience in designing and constructing super-tall buildings is a significant factor in obtaining future projects.

**C.  Tishman**

36.     Tishman describes itself on its website as having "delivered many of the most globally recognized, iconic buildings, defining the skylines of the world's most notable and recognized cities."

37.     On information and belief, Tishman acted as the construction manager for One WTC and, according to the website of its parent corporation, built One WTC (AECOM website, available at http://www.aecom.com/projects/world-trade-center-redevelopment/).

**D.  T1JV and WTC Tower 1**

38.     On information and belief, T1JV developed One WTC.

39.     On information and belief, WTC Tower 1 is a wholly owned subsidiary of T1JV.

40.     WTC Tower 1 has previously leased and continues to lease space to tenants in One WTC.

41.     In addition to leasing space in the building that copies Mr. Park's Cityfront '99, WTC Tower 1 (through its agent) uses plans that infringe Cityfront '99 in its leasing materials.

**E.  Legends**

42.     Defendant SOM's copying of Mr. Park's Cityfront '99 has spawned additional copying.

43.     For example, Defendant Legends operates One World Observatory, which includes a gift shop on site and online.

44.     Through One World Observatory, Legends sells various products that copy Cityfront '99 through the gift shop it operates under the name One World Observatory.  These products include, for example, three-dimensional models that copy Cityfront '99.

45.     Legends also sells tickets to the observation deck of One WTC.  In advertising tickets to the observation deck, Legends uses images, including its logo, that copy Cityfront '99.

### First Claim for Relief: Copyright Infringement Against SOM

46.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

47.     Mr. Park is the owner of a valid copyright in Cityfront '99.

48.     Mr. Park's Cityfront '99 was submitted for registration at the U.S. Copyright Office.  The Copyright Office has registered Mr. Park's work.

49.     Mr. Park's Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8).  Mr. Park is the author and owner of this copyrighted architectural work.

50.     SOM had access to Cityfront '99, including without limitation as follows: (1) Mr. Abdelrazaq, a SOM Associate Partner and Senior Project Structural Engineer, had access to Cityfront '99 in serving as an advisor for Mr. Park's thesis; (2) on information and belief, SOM architects and engineers frequently visited the building where the three-dimensional model of

Cityfront '99 was displayed prominently in the lobby for at least six years, including at least one partner who spoke at a symposium during the time Cityfront '99 was on display at the school and who met with Mr. Park on one occasion about his design; and (3) on information and belief, Mr. Park's model of Cityfront '99 was on display in the lobby of the building where SOM's Chicago office is located during filming of scenes from a feature film in approximately 2004 or early 2005.

51.     The actions of Defendant SOM alleged herein constitute copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

52.     SOM has infringed Mr. Park's Cityfront '99 by, for example, copying Cityfront '99 in designing and participating in the construction of One WTC, which is substantially similar to Cityfront '99, including by, for example, generating copies of infringing architectural drawings.

53.     SOM did not have the right or permission from Mr. Park to copy Cityfront '99.

54.     SOM's infringement of Mr. Park's copyrighted Cityfront '99 has been and continues to be willful.

55.     Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of SOM attributable to its infringement of Cityfront '99, including without limitation the profit from its fees relating to the design and construction of One WTC, or statutory damages to the extent available.

56.     Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described

herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction.

The public interest would not be negatively impacted by a permanent injunction.

**Second Claim for Relief: False Advertising**
**Under the Lanham Act Against SOM**

57.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully

set forth herein.

58.     SOM's actions as alleged herein constitute false advertising under the Lanham

Act, 15 U.S.C. § 1125(a)(1)(B).

59.     Defendant SOM has advertised that it designed One WTC, which constitutes false

and misleading statements since, for example, such advertisements falsely and misleadingly

characterize the nature and qualities of SOM's services in the design and construction of One

WTC by failing to recognize that the design of One WTC originated from Mr. Park's design of

Cityfront '99 (e.g., SOM website available at

http://www.som.com/news/skidmore_owings__merrills_one_world_trade_center_opens_today).

60.     Third-party publications have repeated SOM's false and misleading

representations regarding its services by identifying SOM as the designer of One WTC (e.g.,

Architectural Digest article available at http://www.architecturaldigest.com/story/one-world-

trade-center-figures-article).

61.     SOM did not simply mislead consumers about who created the design for One

WTC; rather, SOM falsely led consumers to believe that its architectural services had a creative

quality that enabled it to come up with the One WTC design.  SOM's advertisements regarding

the One WTC design focus on the alleged creativity of its architectural services, as evidenced in

the following examples:

- "It is a memorable architectural landmark for the city and the nation — a building
  whose simplicity and clarity of form will remain fresh and timeless."

13

- "While the memorial, carved out of the earth, speaks of the past and of remembrance, One World Trade Center speaks about the future and hope as it rises upward in a faceted form filled with, and reflecting, light.  This tower evokes the slender, tapering triangular forms of great New York City icons such as the Chrysler Building and Empire State Building."

- "Its overall effect is that of a crystalline form that captures an ever-evolving display of refracted light.  As the sun moves through the sky or we move around the tower, the surfaces appear like a kaleidoscope, and will change throughout the day as light and weather conditions change."

SOM website, available at http://www.som.com/projects/one_world_trade_center.

62.     On information and belief, defendant SOM's false and misleading statements have deceived, and are likely to continue deceiving, consumers, including purchasers and potential purchasers for architectural services from Mr. Park and/or Defendant SOM.

63.     On information and belief, Defendant SOM's false and misleading statements had a material effect on consumer decisions in purchasing architectural services because, as SOM has said, "past experience in design of tall buildings and major architectural projects is a key factor in attracting new such projects."

64.     SOM's false and misleading statements about its services in designing One WTC affects interstate commerce because SOM advertises its services nationally and internationally (e.g., through its website at www.som.com), and participates in the design and construction of buildings throughout the United States and the world.

65.     Mr. Park has been injured as a result of the false advertising described herein, and is entitled to an amount to be determined at trial.

66.     For example, SOM's false and misleading advertisements have injured Mr. Park's development of his architectural practice.

67.     SOM's acts of false advertising have been willful. This case is therefore exceptional under 15 U.S.C. § 1117.

14

68.     Mr. Park is entitled to damages for Defendant SOM's false advertising as described herein, including without limitation SOM's profits attributable to its false advertising, damages sustained by Mr. Park as a result of SOM's false advertising, and Mr. Park's costs relating to this action.

69.     Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein. Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

### Third Claim for Relief: Reverse Passing Off Under the Lanham Act

70.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

71.     SOM's actions as alleged herein constitute unfair competition and reverse passing off under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

72.     The architectural work that resulted in the design of One WTC originated with Mr. Park's design of Cityfront '99.

73.     Defendant SOM has falsely designated the origin of the design of One WTC, including specifically the origin of the underlying architectural services, by publicly stating that SOM designed One WTC without mentioning Mr. Park's design of Cityfront '99.

74.     SOM's false designation has caused, and is likely to cause, consumer confusion, as evidenced, for example, by the fact that media publications have credited SOM as the origin of the architectural services involved in the design of One WTC.

75.     Mr. Park has been and will continue to be harmed by SOM's false designation of the origin of the architectural services involved in One WTC's design.  As SOM has stated, past

experience is a key factor in developing further business.  Therefore, SOM's false or misleading claims to be the designer of One WTC have harmed, and continue to harm, Mr. Park's efforts to develop his architectural career based on his work in creating Cityfront '99, from which the One WTC design originated.

76.     SOM's acts of reverse passing off affect interstate commerce because SOM advertises its services nationally and internationally (e.g., through its website at www.som.com), and participates in the design and construction of buildings throughout the United States and the world.

77.     SOM's acts of reverse passing off have been willful.  This case is therefore exceptional under 15 U.S.C. § 1117.

78.     Mr. Park is entitled to damages for Defendant SOM's reverse passing off as described herein, including without limitation SOM's profits attributable to its reverse passing off, damages sustained by Mr. Park as a result of SOM's reverse passing off, and Mr. Park's costs relating to this action.

79.     Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

**Fourth Claim for Relief: Copyright Infringement Against T1JV**

80.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

81.     Mr. Park is the owner of a valid copyright in the architectural work expressed in Cityfront '99.

82.     Mr. Park's Cityfront '99 was submitted for registration at the U.S. Copyright Office.  The Copyright Office has registered Mr. Park's work.

83.     Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8).  Mr. Park is the author and owner of this copyrighted architectural work.

84.     The actions of Defendant T1JV alleged herein constitute copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

85.     T1JV has infringed and continues to infringe Mr. Park's copyright in Cityfront '99 by, for example, participating in the construction and leasing of One WTC, which copies Cityfront '99.

86.     T1JV did not have right or permission from Mr. Park to copy Cityfront '99.

87.     Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of T1JV attributable to its infringement, including without limitation its profits from the fair market value of One WTC, operating and leasing space in One WTC, or statutory damages to the extent available.

88.     Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant T1JV's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant T1JV's actions described herein, and the balance of hardships between Mr. Park and Defendant T1JV favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

### Fifth Claim for Relief: Copyright Infringement Against WTC Tower 1 LLC

89.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

90.     Mr. Park is the owner of a valid copyright in the architectural work expressed in Cityfront '99.

91.     Mr. Park's Cityfront '99 was submitted for registration at the U.S. Copyright Office. The Copyright Office has registered Mr. Park's work.

92.     Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8). Mr. Park is the author and owner of this copyrighted architectural work.

93.     The actions of Defendant WTC Tower 1 alleged herein constitute copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

94.     WTC Tower 1 has infringed and continues to infringe Mr. Park's copyright in Cityfront '99 by, for example, leasing space in One WTC, which copies Cityfront '99.

95.     WTC Tower 1 did not have right or permission from Mr. Park to copy Cityfront '99.

96.     Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of WTC Tower 1 attributable to its infringement, including without limitation its profits from operating and leasing space in One WTC, or statutory damages to the extent available.

97.     Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant WTC Tower 1's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant WTC Tower 1's actions described herein, and the balance of hardships between Mr. Park and Defendant WTC Tower 1 favors an injunction.  The public interest would not be negatively impacted by a permanent injunction.

**Sixth Claim for Relief: Copyright Infringement Against Legends**

98.     Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

99.     Mr. Park is the owner of a valid copyright in the architectural work expressed in Cityfront '99.

100.    Cityfront '99 was submitted for registration at the U.S. Copyright Office. The Copyright Office has registered Mr. Park's work.

101.    Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8). Mr. Park is the author and owner of this copyrighted architectural work.

102.    The actions of Defendant Legends alleged herein constitute copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

103.    Legends has infringed and continues to infringe Mr. Park's copyright in Cityfront '99 by, for example, selling products that copy Cityfront '99, including without limitation three-dimensional figurines of One WTC.

104.    Legends has infringed and continues to infringe Mr. Park's copyright in Cityfront '99 by advertising and promoting the sale of tickets to One World Observatory using images, including the logo for One World Observatory, that copy Cityfront '99.

105.    Legends did not have right or permission from Mr. Park to copy Cityfront '99.

106.    Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of Legends attributable to its infringement, including without limitation its profits from selling products that copy Cityfront '99 and from selling tickets to One World Observatory, or statutory damages to the extent available.

107.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant Legends' actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant Legends' actions described herein, and the balance of hardships between Mr. Park and Legends favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

**Seventh Claim for Relief: Vicarious Copyright Infringement Against T1JV**

108.    Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

109.    T1JV profited from SOM's infringement of Mr. Park's Cityfront '99, including by, for example, the fair market value attributable to the construction of One WTC and by leasing space inside One WTC.

110.    On information and belief, T1JV had the right and ability to supervise the directly infringing activity relating to the construction of One WTC (including SOM's implementation of the infringing design and Tishman's construction of One WTC) and the leasing of the infringing One WTC by WTC Tower 1, including the right to stop the infringement, but failed to do so.

111.    T1JV is therefore liable for vicarious copyright infringement.

112.    Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of T1JV attributable to its vicarious infringement, or statutory damages to the extent available.

113.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant T1JV's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant T1JV's actions described herein, and the balance of hardships between Mr. Park and Defendant T1JV favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

**Eighth Claim for Relief: Vicarious Copyright Infringement Against WTC Tower 1**

114.    Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

115.    On information and belief, WTC Tower 1 profited from Legends' infringement of Cityfront '99, including by receiving money from Legends in connection with Legends' infringing activities conducted through One World Observatory.

116.    On information and belief, WTC Tower 1 had the right and ability to supervise Legends' acts of direct infringement, including the right to stop Legends' infringement, but failed to do so.

117.    WTC Tower 1 is therefore liable for vicarious copyright infringement.

118.    Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and the profits of WTC Tower 1 attributable to its vicarious infringement, or statutory damages to the extent available.

119.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant WTC Tower 1's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant WTC Tower 1's actions described herein, and the balance of hardships between Mr. Park and Defendant WTC Tower 1 favors an injunction.  The public interest would not be negatively impacted by a permanent injunction.

### Ninth Claim for Relief: Contributory Copyright Infringement Against SOM

120.    Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

121.    Mr. Park is the owner of a valid copyright in the architectural work expressed in Cityfront '99.

122.    Cityfront '99 was submitted for registration at the U.S. Copyright Office.  The Copyright Office has registered Mr. Park's work.

123.    Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8).  Mr. Park is the author and owner of this copyrighted architectural work.

124.    T1JV directly infringed Mr. Park's copyrighted architectural work by building One WTC, which copies Mr. Park's copyrighted work, without his permission.

125.    SOM had knowledge or reason to have knowledge of T1JV's infringing activity and participated substantially in the infringement.  For example, SOM had knowledge of Mr. Park's Cityfront '99 through at least Associate Partner Ahmad Abdelrazaq and Partner Bill Baker.

126.    Despite having knowledge of Mr. Park's Cityfront '99, SOM participated substantially in T1JV's infringement by, for example, generating the infringing design for use in constructing One WTC.

127.    SOM acted in concert with T1JV and benefited financially from T1JV's direct infringement.

128.    Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and SOM's profits attributable to its contributory infringement, or statutory damages to the extent available.

129.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

### Tenth Claim for Relief: Vicarious Copyright Infringement Against SOM

130.    Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

131.    Mr. Park is the owner of a valid copyright in the architectural work expressed in Cityfront '99.

132.    Cityfront '99 was submitted for registration at the U.S. Copyright Office.  The Copyright Office has registered Mr. Park's work.

133.    Cityfront '99 is an architectural work protected under 17 U.S.C. § 102(8).  Mr. Park is the author and owner of this copyrighted architectural work.

134.    Tishman and T1JV directly infringed Mr. Park's copyrighted architectural work by building One WTC, which copies Mr. Park's copyrighted work, without his permission.

135.    On information and belief, SOM had the right and ability to supervise Tishman and T1JV in their acts of direct infringement in constructing One WTC by virtue of its role in providing design and architectural services for One WTC.

136.    SOM profited from Tishman's and T1JV's infringement of Mr. Park's Cityfront '99, including by, for example, the fees SOM received for its work in connection with One WTC.

137.    Pursuant to 17 U.S.C. § 504, Mr. Park is entitled to his actual damages and SOM's profits attributable to its vicarious infringement, or statutory damages to the extent available.

138.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

**Eleventh Claim for Relief: Violation of the Digital Millennium Copyright Act Against SOM**

139.    Mr. Park repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

140.    SOM had knowledge of Mr. Park's Cityfront '99 through at least SOM Associate Partner Ahmad Abdelrazaq and Partner Bill Baker.

141.    SOM had knowledge that its design for One WTC copied Mr. Park's Cityfront '99.

142.    SOM has nonetheless provided and continues to provide copyright management information (including, for example, information identifying the author) regarding One WTC that is false in connection with copies or displays of the infringing One WTC building.  For example, in connection with photographs displaying the infringing One WTC building, including on its website, SOM provides information attributing authorship of the design of One WTC to SOM without identifying Mr. Park as the author of the architectural work that One WTC copies (e.g., SOM website available at

http://www.som.com/news/skidmore_owings__merrills_one_world_trade_center_opens_today).

143.    On information and belief, SOM provided this false copyright management information with the intent to induce, enable, facilitate, or conceal infringement of Mr. Park's Cityfront '99, including without limitation SOM's acts of infringement in participating in the design and construction of One WTC, Tishman's acts of infringement in constructing One WTC, T1JV's acts of infringement in constructing and leasing One WTC, and WTC Tower 1's acts of infringement in leasing One WTC.

144.    SOM's actions violate the Digital Millennium Copyright Act under 17 U.S.C. § 1202(a).

145.    Pursuant to 17 U.S.C. § 1203, Mr. Park is entitled to his actual damages and SOM's profits attributable to its violation of the Digital Millennium Copyright Act, or statutory damages to the extent available.

146.    Mr. Park is entitled to a permanent injunction because he has suffered and will continue to suffer irreparable injury due to Defendant SOM's actions as described herein.  Mr. Park has no remedy at law adequate to compensate for Defendant SOM's actions described herein, and the balance of hardships between Mr. Park and Defendant SOM favors an injunction. The public interest would not be negatively impacted by a permanent injunction.

## V.  DEMAND FOR JURY TRIAL

147.    Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Park demands a trial by jury in this action.

## PRAYER FOR RELIEF

Wherefore, Mr. Park respectfully requests that this Court enter:

1.    A judgment in favor of Mr. Park that Defendants SOM, Tishman, T1JV, WTC Tower 1, and Legends have infringed Mr. Park's copyright in Cityfront '99.

2.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, including directly or indirectly infringing, vicariously infringing, or inducing or contributing to the infringement by others of Mr. Park's copyright in Cityfront '99.

3.    Ordering Defendants to deliver all copies of infringing materials in Defendants' possession to Mr. Park.

4.      Ordering Defendant SOM to correct its false and misleading statements regarding the origin and authorship of the design for One WTC, including by placing corrective information on its websites crediting Mr. Park with the design from which One WTC originated.

5.      A judgment and order requiring Defendants to pay Mr. Park his damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of Cityfront '99, including without limitation past and future damages for all profits derived by Defendants from their infringement of Cityfront '99, or statutory damages to the extent available.

6.      A judgment and order requiring Defendant SOM to pay Mr. Park SOM's profits and Mr. Park's damages attributable to SOM's wrongful actions of unfair competition under the Lanham Act, including costs, expenses, and prejudgment and post-judgment interest.

7.      A judgment and order requiring Defendant SOM to pay Mr. Park his damages, costs, expenses, and prejudgment and post-judgment interest for its violation of the Digital Millennium Copyright Act, including without limitation past and future damages for all profits derived by Defendant SOM from its violation of the Digital Millennium Copyright Act, or statutory damages to the extent available.

8.      Costs and attorneys' fees.

9.      Any and all other relief as this Court may deem just and proper be awarded to Mr. Park.

26

This 14th day of June, 2017.

KENT & RISLEY LLC

/s/*Daniel A. Kent*
Daniel A. Kent
(pro hac vice application pending)
Tel:  (404) 585-4214
Fax:  (404) 829-2412
dankent@kentrisley.com

Stephen R. Risley
(pro hac vice application to be filed)
Tel:  (404) 585-2101
Fax:  (404) 389-9402
steverisley@kentrisley.com

Cortney S. Alexander
(pro hac vice application to be filed)
Georgia Bar Number 142690
Tel: (404) 855-3867
Fax: (770) 462-3299
cortneyalexander@kentrisley.com

5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff Jeehoon Park